James Edwin GLENDENNING, Plaintiff,

v.

**WGM SAFETY CORPORATION, INC., et al., Defendants.**

Civ. No. 90–3375 (CSF).

United States District Court, D. New Jersey.

Aug. 6, 1992.

Nelson & Fromer by Bruce P. Fromer, Ocean, N.J., for plaintiff.

Hoagland, Longo, Oropollo & Moran by Thaddeus J. Hubert, III, New Brunswick, N.J., for defendant Economy Forms.

Law Offices of Thomas Dempster, III by Katherine L. Traeger, Mt. Laurel, N.J., for defendants WGM Safety Corp., Inc. and Miller Equipment Div.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court is a motion brought by plaintiff, James Edwin Glendenning (Glendenning), to strike the defense of comparative negligence as to defendants W.G.M. Safety Corporation, Inc. (WGM), Miller Equipment Division (Miller) and Economy Forms Corporation (EFCO). Because the court has received and considered material outside the pleadings, the plaintiff's motion to strike will be treated as a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Looney v. Great American Ins. Co.*, 71 F.R.D. 211, 212 n. 2 (E.D.N.Y.1976). For the following reasons, the plaintiff's motion is granted.

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship. On June 10, 1988, Glendenning was employed by Cruz Construction Company and was working on the construction of the Allenwood Pump Station at the Manasquan River Reservoir. He was injured

when he fell twenty feet from a metal form used in the pouring of concrete walls. At the time of the incident, plaintiff had ascended the form to remove a tie rod that was holding the metal forms together. He was wearing a safety belt equipped with an "alligator clip" so that he could hook onto the form. The forms were designed with a series of holes along the "shelves" into which the worker could hook the alligator clip.

Plaintiff alleges that at the time of the incident the clip on the belt could not fully engage because the hole on the belt "was not shallow enough to accommodate the size of the clip on plaintiff's safety belt." As a result of his fall, plaintiff suffered injuries and brought this products liability action against EFCO, the designer and supplier of the metal forms, and WGM, the supplier of the safety belt that plaintiff was wearing at the time of the incident. Defendant Miller is a division of WGM. Each defendant has raised the affirmative defense of comparative negligence, which, in this motion, plaintiff has moved to strike. The court will grant plaintiff's motion.

As previously noted, the court must examine defendants' motion to strike the comparative negligence defense as a motion for partial summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Brown v. Hilton*, 492 F.Supp. 771, 774 (D.N.J.1980). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). This "burden ... may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

There is no issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most favorable to the nonmoving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.1986). The role of the court, however, is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The question presented to the court for determination is one of law involving no issues of fact. Accordingly, the issue is ripe for partial summary judgment. Plaintiff and defendants agree that New Jersey law will apply in this action.

Relying on the decision of the New Jersey Supreme Court in *Suter v. San Angelo Foundry and Machine Co.*, 81 N.J. 150, 406 A.2d 140 (1979), plaintiff argues that the defendants may not assert a comparative negligence defense in this workplace, products liability action. In *Suter*, the court held that "[c]ontributory negligence is not a defense to a strict liability action when a plaintiff's negligent conduct consists of merely failing to discover or guard against the possibility of a defect in a product." *Johansen v. Makita USA, Inc.*, 128 N.J. 86, 94, 607 A.2d 637 (1992). The court has noted, however, that "when a plaintiff with actual knowledge of the danger presented by a defective product knowingly and voluntarily encounters that risk, a trial court should submit the comparative negligence defense to a jury." *Id.* at 94–95, 607 A.2d 637. This defense, however, is strictly limited. The *Johansen* court explained:

[Such conduct] cannot serve as a basis for a contributory negligence defense

when an employee is injured in an industrial setting while using a defective product supplied by the employer for its intended or foreseeable purposes. *Suter,* 81 N.J. at 167–68 [406 A.2d 140]. Because an industrial employee has no choice but to use the product to complete his or her assigned task, "the law does not accept the employee's ability to take care of himself as an adequate safeguard" of the interests society seeks to protect. *Id.* at 167 [406 A.2d 140].

*Id.* Thus, the clear import of the *Suter* decision prevents defendants in a products liability action from asserting the defense of contributory or comparative negligence against a plaintiff/employee injured at the workplace. The *Suter* court announced:

> In our view an employee engaged at his assigned task on a plant machine ... has no meaningful choice. Irrespective of the rationale that the employee may have unreasonably and voluntarily encountered a known risk, we hold as a matter of policy that such an employee is not guilty of contributory negligence.

*Suter,* 81 N.J. at 167, 406 A.2d 140 (citations omitted) (footnote omitted). In the omitted footnote the court stated: "We are not passing upon other situations wherein an employee may similarly be held to have had no meaningful choice." *Id.* at 167 n. 5, 406 A.2d 140.

Seizing upon the court's ambiguous language in the footnote, defendant argues that *Suter* is inapplicable to this case because plaintiff did have a "meaningful choice." Specifically, defendants assert that plaintiff could have used a ladder instead of climbing up the form itself, or plaintiff could have obtained another safety belt which was equipped with a safety hook large enough to fit into the form.

To the contrary, plaintiff asserts that the *Suter* court, as a matter of policy, barred use of the contributory negligence defense in all actions where an employee is engaged in an assigned task. Plaintiff contends that even if other options were theoretically available *Suter* precludes this type of analysis.

█ Because the New Jersey Supreme Court has not defined the contours of a purported "meaningful choice" distinction, this court, a federal court sitting in diversity, must predict how the New Jersey Supreme Court would rule if presented with the facts of this case. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). In making this determination the court may look to the state lower court decisions as "indicia of how the state's highest court might decide" the issue. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1167 (3d Cir.1981). It should be noted, however, that "state intermediate appellate courts are not automatically controlling where the highest court of the state has not spoken on the point and there is evidence that the higher court would rule otherwise." *Butler v. Sherman, Silverstein & Kohl, P.C.,* 755 F.Supp. 1259, 1265 (D.N.J.1990) (citing *National Surety Corp. v. Midland Bank,* 551 F.2d 21, 29 (3d Cir. 1977)).

It is the opinion of this court that if confronted with the facts of this case the New Jersey Supreme Court would strike the defendants' comparative negligence defense. This conclusion is bolstered by the clear and unambiguous language of the court in *Suter.*

As previously noted, the *Suter* court held that an employee engaged in his assigned task has no meaningful choice. Hence, the court unambiguously stated that as a matter of policy such employee would not be guilty of contributory negligence. The state intermediate appellate courts, however, have obscured the issue.

In *Crumb v. Black & Decker, Inc.,* 204 N.J.Super. 521, 499 A.2d 530 (App.Div. 1985), *certif. granted,* 102 N.J. 386, 508 A.2d 247 (1985), *appeal dismissed,* 104 N.J. 432, 517 A.2d 425 (1986), the New Jersey Superior Court, Appellate Division, rejected an argument similar to the one employed by the plaintiff in this case. The court, without benefit of supporting citation, stated that the *Suter* test "is not simply whether plaintiff was injured while performing a task in the course of his employment.

Such is a worker's compensation standard, not that applied in a products liability case." *Id.* 204 N.J.Super. at 527, 499 A.2d 530. The *Crumb* court stated that the "essence of the *Suter* rule is that the employee had no meaningful choice." *Id.* The court, however, never discussed what was meant by "meaningful choice"; instead, the court reiterated the *Suter* court's intent: "[the employee] either worked at his assigned task or was subject to discipline or being labeled as a troublemaker." *Id.* After taking note of this principle, the *Crumb* court decided the case on another ground.

Similarly, the Appellate Division's discussion of "meaningful choice" in *Tirrell v. Navistar Int'l, Inc.*, 248 N.J.Super. 390, 401, 591 A.2d 643 (App.Div.1991), is not helpful. In *Tirrell*, the court held that the plaintiff "had no meaningful choice" in the performance of his job. *Id.* The appellate court reached this conclusion without discussion of what was meant by "meaningful choice." *Id.*

Recently, the New Jersey Supreme Court has been less ambiguous. In *Johansen*, the court was not called upon to address the precise issue presented to this court. Nevertheless, the court's discussion is instructive. In its recitation of the *Suter* standard no mention is made of any meaningful choice distinction; instead, the court reminds that "[i]n determining a manufacturer's liability for an allegedly defective product, the inquiry should focus on the condition of the product, not the plaintiff's use of care in operating the product." *Johansen*, 128 N.J. at 95, 607 A.2d 637. Thus, it is apparent that in a workplace, products liability action the issue is confined to whether the product was defective and, if so, whether the defect rendered the product unfit for its intended or reasonably foreseeable purposes.

This result is bolstered by the court's overriding rationale established in *Suter*, namely that "it would be anomalous to hold that defendant has a duty to install safety devices but a breach of that duty results in no liability for the very injury the duty was meant to protect against." *Suter*, 81 N.J. at 167, 406 A.2d 140.

Therefore, the court will grant the plaintiff's motion to strike defendants' comparative negligence defense.